UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

===============================================================

**CASE NO.:** CV 11-00652 SJO (MANx)           **DATE:** September 8, 2011

**TITLE:**   XPAYS, Inc. v. Does 1 through 843

===============================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                  Not Present
Courtroom Clerk                                   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                       Not Present

===============================================================

**PROCEEDINGS (in chambers): ORDER DISMISSING ALL DEFENDANTS EXCEPT DEFENDANT MINDY GLASS.**

On January 21, 2011, Plaintiff XPAYS, Inc. ("Plaintiff"), filed a Complaint ("Complaint") against 843 unnamed individuals ("Defendants") who allegedly used a file-sharing protocol called BitTorrent to illegally infringe Plaintiff's copyright in the motion picture *Home Video*, also known as the *Paris Hilton Sex Tape* ("Motion Picture"). (Compl. ¶ 1.) Defendants, who are unnamed computer users, were identified only by their IP addresses. (Compl. Ex. A.) On August 5, 2011, Plaintiff filed a First Amended Complaint ("FAC") substituting the true names of sixty-three individual Defendants in place of the fictitious names and dismissing the remaining Doe Defendants. On August 29, 2011, Plaintiff voluntarily dismissed its claims against twenty-nine Defendants without prejudice and four Defendants with prejudice pursuant to Federal Rule of Civil Procedure 41(a). As of September 6, 2011, only one defendant, Mindy Glass, has submitted an Answer in response to Plaintiff's Complaint. For the following reasons, the Court dismisses all Defendants except for Defendant Mindy Glass.

I.    DISCUSSION

      A.    Legal Standard Governing Permissive Joinder

Federal Rule of Civil Procedure ("Rule") 20(a)(2) imposes two requirements for the permissive joinder of defendants: (1) a right to relief must be asserted against each defendant "relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all [defendants] must arise in the action." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980); Fed. R. Civ. P. 20(a)(2). Rule 20(a) should be broadly construed, and "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Once the threshold requirements of Rule 20(a) are met, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   CV 11-00652 SJO (MANx)              DATE:   September 8, 2011

prejudice to either side."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). Factors a court should consider include "the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, [and] the motive that the moving party has in seeking such amendment . . . ."  *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.

      B.    <u>Analysis</u>

The second prong of the Rule 20(a) test is undoubtedly satisfied in the instant case.  The allegations against each Defendant involve similar, even virtually identical, issues of law and fact: the alleged use of peer-to-peer software to share a copyrighted motion picture in violation of the United States Copyright Act, 17 U.S.C. §§ 101, et seq.  (*See generally* Compl.)  Thus, the issue here is whether the claims against each Defendant arise out of the same "transaction, occurrence, or series of transactions or occurrences."

The "same transaction" in Rule 20(a) "refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  A "transaction" could include "a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."  *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974.) A case by case approach is used to determine "whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20 . . . ."  *Id.*

The facts of the instant case are similar to *Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334 (D.D.C. 2011).  In *Call of the Wild*, a copyright owner brought a copyright infringement action "against 358 unnamed individuals who allegedly used a file-sharing protocol called BitTorrent to illegally infringe plaintiff's copyright in the motion picture *Call of the Wild*." *Id.* at 336.  Four putative defendants sought to dismiss the lawsuit based on, *inter alia*, improper joinder.  *Id.*  The court held that "the plaintiff had sufficiently alleged that its claims against the putative defendants potentially stem from the same transaction or occurrence, and are logically related." *Id.* at 341.  The court reasoned that the nature of the BitTorrent protocol allows each defendant to be "a possible source for the plaintiff's motion picture, and may be responsible for distributing this copyrighted work to the other putative defendants, who are also using the same file-sharing protocol to copy and distribute the same copyrighted work."  *Id.*

However, the distinguishing factor in *Call of the Wild* is that at the time joinder had been challenged, the defendants had not been individually named in the action. *Id.* at 337.  The motion to sever was filed as an objection to having the internet service provider release defendants' identifying information to the plaintiff.  *Id.*  The court held that joinder "at this stage of the litigation

is proper."  *Id.* at 344.  The court specifically stated that "[s]hould the putative defendants be named in the Complaint, they may raise the argument that they are improperly joined, under [Rule] 20, and move to sever, under [Rule] 21."  *Id.*

Regardless of the stage of the litigation, the question remains as to whether users of BitTorrent technology are considered to be involved in the "same transaction, occurrence, or series of transactions or occurrences" for purposes of joinder under Rule 20.  In *Diabolic Video Productions, Inc. v. Does 1-2099*, No. 10-CV-5865-PSG, 2011 WL 3100404, at *3 (N.D. Cal. May 31, 2011), the Northern District of California stated that "[t]his court and others . . . have repeatedly held that the mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20."[1]  The court stated that other than alleging that defendants all used the same peer-to-peer ("P2P") network "to reproduce and distribute Diabolic's copyrighted work, Diabolic offers no allegations whatsoever to support its theory of a single or closely-related transactional theory."  *Id.*

In *IO Group, Inc. v. Does 1-435*, No. C 10-04382 SI, 2011 WL 445043 (N.D. Cal. Feb. 3, 2011), plaintiff attempted to file a First Amended Complaint joining fifty Doe defendants by alleging that their use of a P2P network resulted in a "'rimless wheel' conspiracy and that by acting in concert, defendants are jointly and severally responsible for the damages plaintiff suffered."  *IO Group*, 2011 WL 445043, at *2.  The court refused to allow plaintiff to file the FAC because it would be dismissed for improper joinder.  *Id.* at *7.  The court stated that "[t]he fundamental problem plaintiff faces is that there are no factual allegations to support the assertion that the Doe defendants are connected to the 'same transaction, occurrence or series of transactions or occurrences,' or any facts that show they specifically acted in concert."  *Id.* at *3.  The court stated further that "the only *factual* allegations in the complaint regarding each specific Doe defendant are that each of the Does used their Comcast-issued IP addresses to 'distribute' one or more of plaintiff's works on different dates and at different times using [a P2P network]."  *Id.*

Here, Plaintiff claims "Defendants collectively participated . . . in the unlawful reproduction and distribution of the Motion Picture by means of file transfer technology called BitTorrent." (Compl. ¶ 2.)  Plaintiff contends that "each Defendant, with knowledge of the infringing activities of third parties and other of the Defendants, . . . either directly or indirectly has infringed and threatens to further infringe the copyright in the Motion Picture by the acts alleged herein and by participating in or otherwise knowingly contributing to the unauthorized reproduction and distribution of the

---

[1] In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004), and *BMG Music v. Does 1-203*, No. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004), "the peer-to-peer nature of the protocol was insufficient to justify joinder of dozens of otherwise unrelated defendants in a single action." *Diabolic Video Productions*, 2011 WL 3100404, at *4.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   <u>CV 11-00652 SJO (MANx)</u>          DATE:   <u>September 8, 2011</u>

Motion Picture with BitTorrent software within this judicial district and elsewhere, and each Defendant has induced, caused and materially contributed to, and continue [sic] to induce, cause and materially contribute to, the infringing conduct by such third parties and other Defendants." (Compl. ¶ 29.)

Similar to the plaintiff in *IO Group*, Plaintiff in the instant case fails to establish any facts that each of the Defendants was involved in the same transaction, occurrence or series of transactions or occurrences, or any facts that show they specifically acted in concert.  Other than stating Defendants "collectively participated" in the unauthorized reproduction and distribution of the Motion Picture using BitTorrent technology, Plaintiff has not offered factual allegations to support a theory of a single or closely-related transaction.  As such, joinder of the thirty Defendants is improper pursuant to Rule 20.

Even if the basic requirements for permissive joinder under Rule 20(a) are met, the Court must consider whether joinder would "comport with the principles of fundamental fairness" or would result in prejudice to either side.  At least one court stated that even if joinder of over 700 defendants was proper because the claims arose from the same transaction or occurrence, the court would exercise its discretion and "order a severance to avoid causing unreasonable prejudice and expense to [d]efendants and to avoid a great inconvenience to the administration of justice." *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232 (M.D. Tenn. 2001). Likewise, here, it would be appropriate for the Court to exercise its discretion and sever the case in the interest of justice and to prevent prejudice to Defendants.

Each of the reasons articulated in *Hard Drive Productions, Inc. v. Does 1-188*, No. C-11-01566 JCS, 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011), is applicable here.  "First, permitting joinder in this case would undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case." *Hard Drive Prod.,* 2011 WL 3740473, at *14.  Second, the Court would be forced "to address the unique defenses that are likely to be advanced by each individual Defendant, creating scores of mini-trials involving different evidence and testimony." *Id.*  Finally, "joinder would result in numerous hurdles that would prejudice [Defendants]," such as having to serve each other with all pleadings and allowing for all Defendants to be at each other's deposition.  *Id.*

If the Court severs this case, Plaintiff is unlikely to be prejudiced because it may continue to pursue its claims against each individual Defendant.  Although joinder would allow Plaintiff to keep litigation costs to a minimum, Rule 20(a) was not intended for that purpose.  *See IO Group*, 2011 WL 445043, at *6.  Thus, the balance of factors weighs in favor of severing the case.

///

///

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 11-00652 SJO (MANx)</u>     **DATE:** <u>September 8, 2011</u>

II. <u>RULING</u>

For the reasons set forth above and pursuant to Rule 21, the Court severs all individually named Defendants. The claims against the severed named Defendants are DISMISSED without prejudice except for Defendant Mindy Glass. Plaintiff may refile separate actions against the individual defendants and is ordered to file notice of related cases upon the refiling of the separate actions.

IT IS SO ORDERED.